IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Valerie M. Boyd, | ) | C/A No.: 3:17-cv-3414-DCC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Johnson Food Services LLC.; Trinity Foods, Inc., d/b/a Military Food & Beverage, and Preston Wider III, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Valerie M. Boyd ("Plaintiff") originally brought this employment discrimination case pro se against her former employers Johnson Food Services, LLC ("JFS"), Military Food Beverage ("MFB"), Preston Wider, and Tim Zimmerman, alleging sex discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). [ECF No. 1]. The defendants file motions to dismiss [ECF Nos. 22, 31, and 33].[1] Prior to the deadline for Plaintiff's responses, counsel appeared on her behalf and filed a motion to amend/correct the complaint [ECF Nos. 40, 41], which defendants oppose. [ECF Nos. 42, 43]. The motions to dismiss and motion to amend having been fully briefed, they are ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.).

---

[1] The proposed amended complaint alleges no claims against Tim Zimmerman. [ECF No. 46-2]. Therefore, the undersigned recommends his motion to dismiss [ECF No. 33] be granted as unopposed and that he be dismissed from this action.

Because the motions to dismiss are dispositive and the motion to amend is arguably dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court grant Plaintiff's motion to amend and deny as moot the motions to dismiss.

I.    Factual and Procedural Background

Plaintiff alleges she worked for federal contractors JFS and Trinity Foods, Inc., d/b/a MFB, which provided food service to soldiers at Fort Jackson. She states she was employed for 25 years at JFS and 14 years at MFB when she was terminated in violation of Title VII. [ECF No. 41 at 1, 46 at 1–2]. Plaintiff describes herself as a black masculine lesbian who does not conform to the female stereotype regarding her appearance and mannerisms. *Id.* She claims Wider disliked her because of her sexual orientation and gender nonconformance, and he harassed, terminated, and retaliated against her. [ECF No. 46 at 2]. Plaintiff filed charges of discrimination with the EEOC against MFB and JSF and received right-to-sue notices. [ECF Nos. 46-1 and 46-3]. Plaintiff also states a claim against JFS, MFB, and her former supervisor Wider for intentional infliction of emotional distress.

II.    Discussion on Motion to Amend

Plaintiff moves to amend her complaint to state Title VII claims against JFS and MFB. JFS and MFB oppose Plaintiff's motion on the grounds that the amendment would be futile because the proposed claims are subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, JFS and Wider argue in their response and motion to dismiss that Plaintiff has failed to allege an employer-employee relationship or to establish that she

2

was an employee of JFS or Wider during the period that she alleges harassment and discrimination. [ECF Nos. 43 at 1–2; 22 at 1]. They urge the court to dismiss the Title VII claim as untimely on the grounds that the proposed amended complaint alleges Plaintiff's employment ended on September 15, 2015. [ECF Nos. 43 at 2–3]. MFB alleges in its response and motion to dismiss that it has yet to be properly served, that Title VII does not provide protection for sexual orientation, and that the allegations fail to state a claim for retaliation or intentional infliction of emotional distress. [ECF No. 42, 31].

Rule 15(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The courts have interpreted Rule 15(a) in accord with that spirit. *Justice v. Pennzoil Co.*, 598 F.2d 1339, 1354 (4th Cir. 1979); *Frankel v. Kurtz*, 239 F. Supp. 713, 716 (D.S.C. 1965). A motion to amend should be denied only when it would be prejudicial, there has been bad faith, or the amendment would be futile. *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001).

An amendment would be futile if the amended claim would fail to survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *See e.g., United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). A plaintiff fails to state a viable claim pursuant to Fed. R. Civ. P. 12(b)(6) when the complaint does not contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The proposed amended complaint [ECF No. 46-2] satisfies the low burden of containing sufficient factual matter, assuming its truth, that would state viable claims for relief. Plaintiff alleges Wider disliked her and fired her for a minor policy violation and then engaged in malicious campaign of harassment against her while she was employed at MFS. Plaintiff claims her subsequent reporting of Wider to the President of JFS and to the Military Police on Fort Jackson resulted in MFB and JFS retaliating against her by revoking her privileges to be on base and terminating her employment.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court grant Plaintiff's motion to amend [ECF No. 41], grant Zimmerman's motion to dismiss [ECF No. 33], and deny as moot defendants' motions to dismiss [ECF No. 22, 31]. If the district judge accepts this recommendation, Plaintiff is directed to file the amended complaint within seven days of the district judge's order.

IT IS SO RECOMMENDED.

August 24, 2018                          Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**