IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Valerie M. Boyd, | Civil Action No. 3:17-cv-03414-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Johnson Food Services, LLC; Trinity Foods, Inc. d/b/a Military Food & Beverage, Preston Wider, III, and Tim Zimmerman, | |
| Defendants. | |

Plaintiff Valerie M. Boyd filed this action pro se against Defendants Johnson Food Services, LLC ("JFS"), Trinity Foods, Inc. d/b/a Military Food & Beverage ("MFB"), Preston Wider, III, and Tim Zimmerman alleging that she was subjected to gender discrimination, race discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17. (ECF No. 1.)

This matter is before the court on the following motions: (1) JFS and Wider's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, Motion for Summary Judgment pursuant to Rule 56 (ECF No. 22); (2) Wider's Motion to Dismiss pursuant to Rule 12(b)(5) (ECF No. 22); (3) MFB's Motion to Dismiss pursuant to Rules 12(b)(5) and 12(b)(6) (ECF No. 31); (4) Zimmerman's Motion to Dismiss pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6) (ECF No. 33); and (5) Plaintiff's First Motion to Amend the Complaint pursuant to Rule 15 (ECF No. 41). In accordance with 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. On August 24, 2018, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court grant Plaintiff's Motion to Amend,

1

grant Zimmerman's Motion to Dismiss, and deny as moot the Motions to Dismiss or Motion for Summary Judgment of the remaining Defendants. (ECF No. 47 at 4.) MFB filed Objections to the Magistrate Judge's Report and Recommendation, which are presently before the court. (ECF No. 48.) For the reasons set forth below, the court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Amend, **GRANTS** Zimmerman's Motion to Dismiss, **GRANTS IN PART AND DENIES IN PART** MFB's Motion to Dismiss, and **DENIES AS MOOT** JFS and Wider's Motions to Dismiss or Motion for Summary Judgment.

## I. RELEVANT BACKGROUND TO PENDING MOTIONS

The facts of this matter are discussed in the Report and Recommendation. (ECF No. 47.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference. The court will only reference herein additional facts viewed in the light most favorable to Plaintiff that are pertinent to the analysis of her claims.

Plaintiff is an African-American woman whose "appearance is more characteristic of a man" and she "does not conform to gender stereotypes and norms about women." (ECF No. 46-2 at 3 ¶¶ 10, 14.) Plaintiff asserts that "[b]oth JFS and MFB are federal contractors who provide food service to the soldiers at Fort Jackson." (ECF No. 46 at 1–2.) At the time of her termination, Plaintiff alleges that she had been employed by JFS over twenty-five (25) years and MFB over fourteen (14) years. (ECF No. 46-2 at 3 ¶¶ 15, 16.) Plaintiff contends that she "worked both jobs simultaneously" for many years. (ECF No. 46 at 2.)

Plaintiff alleges that her employment problems began when Wider was promoted to the position of assistant manager to the project manager at JFS. (ECF No. 46-2 at 4 ¶ 26.) Plaintiff alleges that Wider disliked Plaintiff "because of her sexual orientation and her nonconformance

with normal gender roles." (*Id.* ¶ 28.) Plaintiff further alleges that on September 15, 2015, Wider terminated her employment for a minor policy violation. (*Id.* at 5 ¶ 35.) After Wider terminated her, Plaintiff contends that he engaged in a malicious campaign of harassment against her while she was still employed at MFB. (*Id.* ¶ 39.) Thereafter, Plaintiff contends that MFB and JFS eventually retaliated against her "by revoking her privileges to be on base and terminating her from MFB." (ECF No. 46 at 2.)

On or about April 21, 2017, Plaintiff filed a Charge of Discrimination (the "Charge") with the United States Equal Employment Opportunity Commission ("EEOC"). (ECF No. 1 at 5.) After receiving notice of the right to sue from the EEOC as to the Charge on September 19, 2017 (*see* ECF No. 1-1 at 1), Plaintiff filed an action pro se in this court on December 19, 2017, alleging claims for gender discrimination, race discrimination, and retaliation in violation of Title VII. (ECF No. 1 at 3–12.) As a result of having issued Plaintiff the Summons on January 24, 2018 (*see* ECF No. 14), the Magistrate Judge entered an Order on April 24, 2018, placing Plaintiff "on notice that unless good cause is shown to the court by May 8, 2018, for her failure to effect service of the summons and complaint on defendants, plaintiff's action will be recommended for dismissal without prejudice." (ECF No. 18 at 1.) On May 8, 2018, the court received a letter from Plaintiff stating that she was unaware of the service requirement and informing the court that each Defendant had been served.[1] (ECF No. 20; *see also* ECF Nos. 21, 21-1.)

On May 21, 2018, JFS and Wider jointly filed a Rule 12(b)(6) Motion to Dismiss, or in the alternative, Motion for Summary Judgment. (ECF No. 22.) In addition, Wider asserted he was entitled to dismissal of the matter pursuant to Rule 12(b)(5). (ECF No. 22.) On May 23, 2018, MFB and Zimmerman separately filed Motions to Dismiss pursuant to Rules 12(b)(5) and

---

[1] However, MFB asserts that it was never properly served. (ECF No. 48-1 at 2 (citing ECF No. 31-1 at 10–11).)

3

12(b)(6). (ECF Nos. 31, 33.) Zimmerman also asserted he was entitled to dismissal of the matter pursuant to Rule 12(b)(1).

After she was able to procure counsel, Plaintiff filed a Motion to Amend the Complaint on July 23, 2018, to which MFB, JFS, and Wider filed Memorandums of Law in Opposition on August 6, 2018. (ECF Nos. 41, 42, 43.) As an attachment to her Motion, Plaintiff submitted a proposed first amended complaint alleging Title VII claims for harassment, hostile work environment, and retaliation in addition to a state tort claim for intentional infliction of emotional distress. (ECF No. 41-1.) On August 24, 2018, Plaintiff submitted a Reply in Opposition to Defendants' Memorandums in Opposition to Plaintiff's First Motion to Amend the Complaint that included a revised draft amended complaint adding additional facts, a specific Title VII claim for discrimination, and another state tort claim for tortious interference with contract. (ECF Nos. 46, 46-2.)

Upon her review of the aforementioned Motions, the Magistrate Judge issued her Report and Recommendation on August 24, 2018, recommending that the court grant Plaintiff's Motion to Amend (ECF No. 41), grant Zimmerman's Motion to Dismiss (ECF No. 33), and deny as moot the Motions by the remaining Defendants (ECF Nos. 22, 31). (ECF No. 47.) On September 7, 2018, MFB filed Objections to the Report and Recommendation. (ECF No. 48.) Plaintiff filed a Memorandum to Accept the Magistrate Judge's Report and Recommendation to Grant Plaintiff's Motion to Amend the Complaint on September 21, 2018. (ECF No. 50.)

## II. JURISDICTION

This court has jurisdiction over Plaintiff's Title VII claims via 28 U.S.C. § 1331, as the claims arise under a law of the United States, and also via 42 U.S.C. § 2000e–5(f)(3), which empowers district courts to hear claims "brought under" Title VII.

### III. LEGAL STANDARD

A.  The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to - including those portions to which only "general and conclusory" objections have been made - for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

B.  Rule 12(b)(5) Motions Generally

The court has the discretion to dismiss a case under Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process. *Reinhold v. Tisdale*, C/A No. 8:06-3311-MBS-BHH, 2007 WL 2156661, at *3 (D.S.C. Apr. 30, 2007) (citing *Dimensional Commc'ns, Inc. v. OZ Optics, Ltd.*, 218 F. Supp. 2d 653, 655 (D.N.J. 2002)). "When personal jurisdiction is challenged as a result [of] alleged improper service, '[a] trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment.'" *Lail v. United States*, C/A No. 3:11-cv-0977-TLW-TER, 2012 WL 3779386, at *6 (D.S.C. Aug. 10, 2012) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). Sufficiency of service of process is generally governed by Rule 4.

When a defendant challenges the manner or sufficiency of service of process, "[t]he

plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003) (citing *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996)). "In determining whether the plaintiff has satisfied his burden, the technical requirements of service should be construed liberally as long as the defendant had actual notice of the pending suit." *Id.* (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668–69 (4th Cir. 1963)).

C. <u>Rule 12(b)(6) Motions Generally</u>

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). "In considering a 12(b)(6) challenge to the sufficiency of a complaint, this Rule must be applied in conjunction with the liberal pleading standard set forth in Federal Rule of Civil Procedure 8(a)." *Jenkins v. Fed. Bureau of Prisons*, C/A No. 3:10-1968-CMC-JRM, 2011 WL 4482074, at *2 (D.S.C. Sept. 26, 2011). Rule 8(a) provides that to be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc.*, 7 F.3d at 1134. "To survive a motion

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

D.  Motions to Amend Pursuant to Rule 15

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend should be freely given "when justice so requires." *Id.* Leave should not be granted where "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Steinburg v. Chesterfield Cty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008) (citation omitted). An amendment is considered futile "if the proposed amended complaint fails to satisfy the requirements of the federal rules." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (citation omitted). In other words, a motion to amend should be denied as "futile when the proposed amended complaint fails to state a claim." *Van Leer v. Deutsche Bank Sec., Inc.*, 479 F. App'x 475, 479 (4th Cir. 2012).

"The grant or denial of an opportunity to amend is within the discretion of the district court." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (citation omitted).

IV.  ANALYSIS

A.  The Report and Recommendation

After reviewing Plaintiff's Motion in the context of Rule 15, the Magistrate Judge observed that "[t]he proposed amended complaint [ECF No. 46-2] satisfies the low burden of containing

7

sufficient factual matter, assuming its truth, that would state viable claims for relief." (ECF No. 47 at 4 (citing *id.*).) Specifically, the Magistrate Judge observed that "Plaintiff alleges Wider disliked her and fired her for a minor policy violation and then engaged in [a] malicious campaign of harassment against her while she was employed at MF[B]." (*Id.*) The Magistrate Judge further observed that "Plaintiff claims her subsequent reporting of Wider to the President of JFS and to the Military Police on Fort Jackson resulted in MFB and JFS retaliating against her by revoking her privileges to be on base and terminating her employment." (*Id.*) Therefore, after considering the allegations of Plaintiff's proposed amended pleading, the Magistrate Judge recommended granting Plaintiff's Motion to Amend (ECF No. 41), granting Zimmerman's Motion to Dismiss[2] (ECF No. 33), and denying as moot the remaining Defendants' Motions to Dismiss or for Summary Judgment (ECF No. 22, 31).

B.  MFB's Objections to the Report and Recommendation

MFB filed Objections to the Report and Recommendation first arguing that the Magistrate Judge erred by not addressing Plaintiff's failure to properly serve the Summons and Complaint on MFB and whether the case should be dismissed for failing to effect timely service. (ECF No. 48-1 at 4.) In this regard, MFB reiterates the assertion from its Motion that "[t]he mere act of Plaintiff amending the Complaint will not extend the time for Plaintiff to properly serve MFB." (*Id.* at 5 (citing, *e.g.*, *Bolden v. City of Topeka, Kan.*, 411 F.3d 1129, 1148 (10th Cir. 2006) ("[T]he [90]-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint.")).) As a result, MFB contends that the claims against it should be dismissed because Plaintiff failed to timely and properly serve it

---

[2] The court observes that Plaintiff's Complaint identified Zimmerman as a Defendant. (*See* ECF No. 1.) The court further observes that in response to Zimmerman's Motion to Dismiss (ECF No. 33), neither version of Plaintiff's First Amended Complaint lists Zimmerman as a Defendant. (*See* ECF Nos. 41-1, 46-2.)

8

with the Summons and Complaint. (*Id.* at 6.)

MFB next argues that the Magistrate Judge erred by not concluding that Plaintiff's proposed claim for intentional infliction of emotional distress fails to state a viable cause of action. (*Id.*) In support of its argument, MFB asserts that this claim (1) is barred by the exclusivity provision of the South Carolina Workers' Compensation Act, S.C. Code §§ 42-1-10 to -19-50 (2017), and (2) lacks sufficient factual allegations demonstrating the requisite elements. (ECF No. 48-1 at 7–9 (citing, *e.g.*, *Hansson v. Scalise Builders of S.C.*, 650 S.E.2d 68, 70 (S.C. 2007) (specifying the four elements of a claim for intentional infliction of emotional distress)).)

MFB further argues that the Magistrate Judge failed to address its contention that Plaintiff cannot allege a Title VII claim based on sexual orientation. (ECF No. 48-1 at 10 (citing, *e.g.*, *Hinton v. Va. Union Univ.*, 185 F. Supp. 3d 807, 815 (E.D. Va. 2016) (observing that "[i]t is explicitly the law of the Fourth Circuit that Title VII does not protect against discrimination based on sexual orientation")).) To this point, MFB asserts that the law of this circuit is expressly that sexual orientation is not covered by Title VII. (*Id.* at 11.)

Finally, MFB argues that the Magistrate Judge erred by implicitly finding that "Plaintiff stated a claim for [discrimination, harassment, and retaliation based on] gender stereotyping under *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989). (ECF No. 48-1 at 12.) In this regard, MFB contends that the claims in this case "are unlike the claim at issue in *Price Waterhouse*." (ECF No. 48-1 at 12.) More specifically, MFB contends that (1) Plaintiff fails to state a claim for discrimination because her allegations do not specify either a cognizable adverse employment action or discriminatory acts that can be imputed to MFB; (2) the harassment claim fails because Plaintiff's allegations do not establish all of the elements of a prima facie case of an illegal harassment based on gender nonconformity; and (3) Plaintiff is unable to demonstrate a prima

9

facie case of retaliation because she does not allege a protected act concerning MFB. (*Id.* at 13–24.)

Based on the foregoing, MFB requests that the court "deny Plaintiff's Motion to Amend the Complaint as the amendments are futile and grant Defendant MFB's Motion to Dismiss the Complaint with prejudice." (*Id.* at 24.)

C.  Plaintiff's Response to MFB's Objections

Plaintiff responded to MFB's Objections by submitting a Memorandum to Accept the Magistrate Judge's Report and Recommendation to Grant Plaintiff's Motion to Amend the Complaint. (ECF No. 50.) First, Plaintiff asserts in response to MFB's insufficient service arguments that she has requested a finding of good cause to allow additional time to serve her pleading. (ECF No. 50 at 4 (citing ECF No. 46 at 7).) She further argues that "MFB has notice of the Complaint and will not be prejudiced if the Court extends the time for service." (*Id.*) As to her claim for intentional infliction of emotional distress, Plaintiff declares that she is only asserting that cause of action against Wider and, therefore, MFB's arguments are inapplicable. (*Id.* at 4–5.) Finally, as to her Title VII claims, Plaintiff argues that she has stated sufficient allegations under *Price Waterhouse v. Hopkins* for a gender stereotyping claim and (2) because of a circuit split, she should be allowed to continue litigating her sexual orientation claim "[u]ntil this issue is conclusively decided by the Supreme Court." (*Id.* at 6–7.)

D.  The Court's Review

Upon its review, the court observes that neither Plaintiff, JFS, Wider, or Zimmerman filed objections to the Report and Recommendation. In the absence of objections to the Magistrate Judge's Report and Recommendation, the court is not required to provide an explanation for adopting the recommendation. *See Camby*, 718 F.2d at 199. Rather, "in the absence of a timely

filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond*, 416 F.3d at 315 (quoting Fed. R. Civ. P. 72 advisory committee's note). After a thorough review of the Report and Recommendation and the record in this case, the court finds that the Report and Recommendation does not contain clear error as it relates to Plaintiff, JFS, Wider, and Zimmerman. Accordingly, the court grants Plaintiff leave to file the Amended Complaint against JFS and Wider, denies as moot JFS and Wider's Motions to Dismiss and Motion for Summary Judgment, and grants Zimmerman's Motion to Dismiss. (ECF Nos. 22, 33, 41.)

As to MFB's Objections, the court first observes that MFB's arguments regarding the untimeliness of service of process are not dispositive because Rule 4(m) permits the court to "extend the time for service for an appropriate period" if there is good cause for not serving the defendant within ninety (90) days after the complaint is filed. Fed. R. Civ. P. 4(m). Here, the court finds good cause because (1) Plaintiff's pro se status had a direct effect on her failure to properly serve MFB in May of 2018 (*see* ECF No. 21), (2) Defendant has not demonstrated that it will suffer prejudice if an extension for service is granted, and (3) Plaintiff presently has counsel who has asked for a finding of good cause to allow for proper service. *See Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 306 (4th Cir. 2016) ("Because the question of what constitutes 'good cause' necessarily is determined on a case-by-case basis within the discretion of the district court, courts have declined to give it a concrete definition, preferring to analyze a number of factors. These include whether: 1) the delay in service was outside the plaintiff's control, 2) the defendant was evasive, 3) the plaintiff acted diligently or made reasonable efforts, 4) the plaintiff is pro se or in forma pauperis, 5) the defendant will be prejudiced, or 6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A) (citation omitted)). Accordingly, the court overrules MFB's

insufficient service of process objection and grants Plaintiff seventeen (17) days leave to serve the Summons and Amended Complaint and file proof of service with the court.

The court next observes that MFB's objection regarding the viability of Plaintiff's claim for intentional infliction of emotional distress is moot since that claim is not being asserted against MFB. Therefore, the court overrules this objection as well.

MFB's next objection asserts that it is entitled to dismissal of Plaintiff's Title VII claims on account of sexual orientation. MFB argues accurately that "[i]t is explicitly the law of the Fourth Circuit that Title VII does not protect against discrimination based on sexual orientation." *Hinton*, 185 F. Supp. 3d at 814 (citing *Murray v. N.C. Dep't of Pub. Safety*, 611 F. App'x 166 (4th Cir. 2015) (relying on *Wrightson v. Pizza Hut of Am., Inc.*, 99 F.3d 138, 143 (4th Cir. 1996))); *see also, e.g.*, *Hopkins v. Balt. Gas & Elec. Co.*, 77 F.3d 745, 751–52 (4th Cir. 1996) ("Title VII does not prohibit conduct based on the employee's sexual orientation, whether homosexual, bisexual, or heterosexual."). Although the court is empathetic to Plaintiff's arguments, "it is a well-established rule of law that a trial court may not disregard precedent established by its reviewing court." *Paul Muller Industrie GmbH & Co. v. United States*, 435 F. Supp. 2d 1241, 1245 (Ct. Int'l Trade 2006) (citation omitted). Unless the United States Supreme Court or the United States Court of Appeals for the Fourth Circuit expressly states that Title VII protects against discrimination based on sexual orientation, this court does not have the power to create a claim for sexual orientation discrimination. *But see Zarda v. Altitude Express, Inc.*, 883 F.3d 100, 122 (2d Cir. 2018) ("We now conclude that sexual orientation discrimination is rooted in gender stereotypes and is thus a subset of sex discrimination."). As a result, the court sustains MFB's objection and instructs Plaintiff to strike from any amended pleading Title VII claims based on sexual orientation.

12

Upon review of MFB's final objection regarding the sufficiency of allegations supporting Plaintiff's Title VII claims based on gender stereotype, the court observes that *Price Waterhouse* stands for the proposition that employers may not discriminate against women who fail to conform to conventional gender norms. *Id.*, 490 U.S. at 251 ("We are beyond the day when an employer could evaluate employees by assuming or insisting that they matched the stereotype associated with their group, . . . ."). The parties dispute the appropriateness of applying *Price Waterhouse* to this matter. However, because gender stereotype claims are protected under Title VII, the court finds that a review of Plaintiff's proposed amended complaint (ECF No. 46-2) in the light most favorable to Plaintiff demonstrates sufficient allegations to overcome MFB's arguments of futility and/or insufficiency as to her causes of action for discrimination,[3] harassment, a hostile work environment,[4] and retaliation[5] in violation of Title VII. Therefore, the court agrees with the Magistrate Judge that MFB is not entitled to dismissal of the gender stereotype claims alleged against them. Accordingly, the court overrules MFB's objection.

---

[3] "[A] Title VII plaintiff relying on indirect evidence must establish a prima facie case of discrimination by showing that '(1) she is a member of a protected class; (2) she suffered adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class.'" *Miles v. Dell, Inc.*, 429 F.3d 480, 485 (4th Cir. 2005) (quoting *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 285 (4th Cir. 2004)). The fourth element can also be met by showing other circumstances giving rise to a reasonable inference of unlawful discrimination. *See id.*, 429 F.3d at 486–87.

[4] "To demonstrate sexual harassment and/or a racially hostile work environment, a plaintiff must show that there is '(1) unwelcome conduct; (2) that is based on the plaintiff's sex [and/or race]; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer.'" *Okoli v. City of Balt.*, 648 F.3d 216, 220 (4th Cir. 2011) (quoting *Mosby–Grant v. City of Hagerstown*, 630 F.3d 326, 334 (4th Cir. 2010)).

[5] A plaintiff can demonstrate a prima facie case of retaliation by showing: "(i) that she engaged in protected activity, (ii) that her employer took adverse action against her, and (iii) that a causal relationship existed between the protected activity and the adverse employment activity." *Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015) (quoting *Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004)).

## V. CONCLUSION

Upon careful consideration of the entire record, the court hereby **GRANTS IN PART AND DENIES IN PART** Plaintiff Valerie M. Boyd's Motion to Amend (ECF No. 41), **GRANTS** Defendant Tim Zimmerman's Motion to Dismiss (ECF No. 33), **GRANTS IN PART AND DENIES IN PART** Defendant Trinity Foods, Inc. d/b/a Military Food & Beverage's Motion to Dismiss (ECF No. 31), and **DENIES AS MOOT** Defendants Johnson Food Services, LLC and Preston Wider, III's Motions to Dismiss or Motion for Summary Judgment (ECF No. 22). The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 47) and incorporates it herein by reference. Plaintiff is granted leave until Monday, March 25, 2019, to file and serve an amended complaint that is consistent with this Order.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 8, 2019
Columbia, South Carolina